## IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **MENLO INVESTMENT GROUP, LLC,** | § | |
| **ET AL.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **No. 3:12-CV-4182-K (BF)** |
| | § | |
| **O.D. FOUGHT, JR., ET AL.,** | § | |
| | § | |
| **Defendants.** | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

The Federal Deposit Insurance Corporation ("FDIC") as Receiver for Imperial Capital Bank has filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) & (b)(3) and 12 U.S.C. § 1821(d)(6) & (7). For the following reasons, the District Court should grant the FDIC's motion under Rule 12(b)(1) and 12 U.S.C. § 1821(d)(6).

### Background

Plaintiffs Menlo Investment Group, LLC, Jane Tang, and Francis Tang ("Plaintiffs") originally filed this civil action in the 95th Judicial District Court of Dallas County, Texas on April 30, 2010 asserting various state law claims against Imperial Capital Bank and others in connection with a real estate transaction involving the purchase of a 112-unit apartment complex located in Dallas County named the Rose Garden Apartments. *See* Rem. Not. (Doc. 1) at 1-2, ¶ 3. Prior to the initiation of Plaintiffs' lawsuit, the Commissioner of Financial Institutions for the California Department of Financial Institutions appointed the FDIC as Receiver for Imperial Capital Bank. *Id.* at 1, ¶ 2. Plaintiffs served the FDIC on September 19, 2012, after they filed their Fifth

Amended Petition in the state court.  *Id.* at 2, ¶ 4.  The FDIC timely removed the case to federal court

under 12 U.S.C. § 1819(b)(2)(B) and subsequently filed an agreed motion to stay these proceedings

pending the exhaustion of statutorily mandated administrative remedies.  *See* Doc. 27.  The Court

granted the motion and stayed the action until the earlier of 180 days from the date of Plaintiffs'

filing of an administrative claim with the FDIC or 10 days after the FDIC issues a final determination

with respect to Plaintiffs' claims.  *See* Order dated 3/11/13 (Doc. 41) at 2.

Plaintiffs initiated the administrative claims process by electronically filing three separate

Proofs of Claim with the FDIC on December 31, 2012.  Pl. Resp. App., Ex. A-1.  Thereafter, the

FDIC sent each Plaintiff a separate Notice of Disallowance of Claim each dated May 9, 2013 (the

"Notices of Disallowance").  *Id.*, Ex. 3; *see also* Def. Mot., Ex. B.  The Notices of Disallowance

specifically explained Plaintiffs' rights following the disallowance:

> Pursuant to 12 U.S.C. § 1821(d)(6), if you do not agree with this disallowance, you have the right to file a lawsuit on your claim (or continue any lawsuit commenced before the appointment of the Receiver).  Your lawsuit must be filed within 60 days after the date of this notice.  You must file your lawsuit either in the United States District (or Territorial) Court for the District where the Failed Institution's principal place of business was located or in the United States District Court for the District of Columbia.
>
> . . . If you do not file a lawsuit (or continue any lawsuit commenced before the appointment of the Receiver) before the end of the 60-day period, the disallowance of your claim will be final and you will have no further rights or remedies with respect to your claim.  12 U.S.C. 1821(d)(6)(B)(ii).
>
> While section 1821(d)(7)(A) of Title 12 of the United States Code provides that you may request an administrative review of the disallowance of your claim in lieu of filing or continuing any lawsuit, the FDIC must agree to your request for such a review.  The FDIC will not agree to any request for an administrative review of your disallowed claim.

2

*Id.*  Notwithstanding the admonishment that the FDIC will not agree to any request for an administrative review of the disallowed claims, Plaintiffs submitted three requests to the FDIC for administrative review.  Pl. Resp. App., Ex. A-4.  The FDIC advised Plaintiffs that it declined their requests for administrative review by separate letters dated June 18, 2013.  *Id.*, Ex. A-5.  Among other things, the FDIC's June 18, 2013 letters advised Plaintiffs that "the FDIC afforded you all of the administrative rights and protections prescribed by the FDI Act, and notified you of your right to contest our disallowance of your claim by timely filing a lawsuit."  *Id.*

When more than six months passed without Plaintiffs taking any further action to challenge the disallowance of their claims, the FDIC filed the instant motion to dismiss.  Succinctly stated, the FDIC argues Plaintiffs' failure to timely file a lawsuit in the proper venue challenging the disallowance of their claims deprives this Court of subject matter jurisdiction under 12 U.S.C. § 1821(d)(6)(B).  Alternatively, the FDIC asks the Court to dismiss this case for improper venue. Plaintiffs dispute that this Court lacks jurisdiction and further contend that they properly exhausted their administrative remedies.  According to Plaintiffs, the expiration of the court-ordered stay operated to "continue" this proceeding, which was pending prior to the commencement of the administrative claims process.  Plaintiffs also insist that venue is proper in this Court.  The issues have been fully briefed, and the motion is ripe for determination.

### Legal Standards

Under Fed. R. Civ. P. 12(b)(1), a court must dismiss a case for lack of subject matter jurisdiction if the court lacks the statutory or constitutional power to adjudicate the case.  *Home Builders Assn. of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).  In ruling on a motion to dismiss for lack of subject matter jurisdiction, a court may evaluate: (1) the complaint

alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001) (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). A court must accept all factual allegations in the plaintiff's complaint as true. *HeereMac Vof*, 241 F.3d at 424 (citing *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981)). The burden of establishing subject-matter jurisdiction is on the party seeking to invoke it. *See Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002). Accordingly, Plaintiffs must prove that jurisdiction does in fact exist. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980) (citations omitted).

Under Rule 12(b)(3), once a defendant has objected to venue, the burden shifts to the plaintiff to establish that venue is proper as to each defendant and each claim. *Nuttall v. Juarez*, 984 F. Supp. 2d 637, 642 (N.D. Tex. 2013); *Emelike v. L-3 Comm. Corp.*, No. 3:12-CV-2470-M, 2013 WL 1890289, at *1 (N.D. Tex. May 7, 2013). The court must accept as true all of the allegations in the plaintiff's complaint and resolve all factual conflicts in the plaintiff's favor. *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007) (citing *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004)). The court may consider evidence in the record beyond the facts alleged in the complaint and its proper attachments. *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 449 (5th Cir. 2008). If venue is improper, the court has broad discretion to dismiss the case or, in the interest of justice, transfer the case to any district where venue is proper. 28 U.S.C. § 1406(a); *Caldwell v. Palmetto State Savs. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987).

**Preliminary Matters**

Plaintiffs initially object that the FDIC's motion does not comply with Local Rule 7.1, which requires, among other things, that a motion to dismiss be accompanied by a separate brief and appendix. *See* L. Civ. R. 7.1(d), (i).  The FDIC concedes that its motion does not strictly comply with the local rules, but contends that Plaintiffs' objections are merely procedural and asks the Court to rule on the motion based on its merits.  FDIC Reply at 1-2.  In the alternative, the FDIC requests permission to resubmit its motion in compliance with the local rules.  *Id.* at 2.  The Court  agrees that, in the context of the FDIC's motion, Plaintiffs' objections are merely procedural and sustaining them would have the effect of elevating form over substance.  Accordingly, the Court overrules Plaintiffs' objections that the FDIC's motion does not comply with the Local Rules.

Plaintiffs further object that Exhibits A and B to the FDIC's motion are not accompanied by an affidavit and therefore should not be considered in support of any arguments under Rule 12(b)(3).  Pl. Resp. at 5, ¶ 12.  Because the Court determines that the motion should be granted under Rule 12(b)(1), it does not reach the parties' arguments under Rule 12(b)(3).  The Court may evaluate the complaint supplemented by undisputed facts evidenced in the record in consideration of the motion under Rule 12(b)(1).  *Den Norske Stats Oljeselskap As*, 241 F.3d at 424.  Exhibit A and B are copies of notices from the FDIC to Plaintiffs, both of which Plaintiffs admit receiving.  Pl. Resp. at 2, ¶ 2; 4, ¶ 8; & Ex. 3.  Plaintiffs do not dispute any particular facts evidenced by Exhibits A and B, and they even rely on Exhibit B in support of their response.  Accordingly, the Court overrules Plaintiffs' objection to Exhibits A and B to the FDIC's motion to dismiss.

**Analysis**

The Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA" or the "Act") creates a comprehensive claims determination procedure that is designed to allow the FDIC to determine claims asserted against failed financial institutions. 12 U.S.C. § 1821(d)(3); *see generally Burr v. Transohio*, No. 95-20144, 1995 WL 798590, at *2 (5th Cir. Dec. 27, 1995) (describing administrative procedure). After the FDIC has been named as receiver for a failed institution, a claimant against the institution is required to present its claim to the FDIC before pursuing a judicial remedy. 12 U.S.C. § 1821(d)(3) & (5). The FDIC then has 180 days to determine whether to allow or disallow the claim. *Id.* If the FDIC denies the claim or does not act on it within 180 days, the claimant has 60 days to request administrative review or to file a lawsuit – or continue an action that was commenced before the appointment of the receiver – in the appropriate federal district court. *Id.,* § 1821(d)(6)(A).[1] If a claimant fails to file a lawsuit within that 60-day period, the claim is deemed disallowed, the disallowance is final, "and the claimant shall have no further rights or remedies with respect to such claim." *Id.,* § 1821(d)(6)(B). No court can acquire subject matter jurisdiction over the claim until the claimant exhausts its remedies under this administrative procedure. *Id.,* § 1821(d)(13)(D); *Meliezer v. Resolution Trust Co.*, 952 F.2d 879, 882 (5th Cir. 1992).

---

[1] Section 1821(d)(6)(A) reads in pertinent part:

> Before the end of the 60-day period beginning on . . . the date of any notice of disallowance of such claim . . . , the claimant may request administrative review of the claim . . . or file suit on such claim (or continue an action commenced before the appointment of the receiver), in the district or territorial court of the United States for the district within which the depository institution's principal place of business is located or the United States District Court for the District of Columbia (and such court shall have jurisdiction to hear such claim).

12 U.S.C. § 1821(d)(6)(A).

In this case, each Plaintiff electronically filed a separate Proof of Claim with the FDIC on December 31, 2012.  Pl. Resp. App., Ex. A-1.  The FDIC sent separate letters dated May 9, 2013 to each Plaintiff notifying them that their administrative claims had been denied ("Notice of Disallowance").  *See* FDIC Mot., Ex. B; Pl. Resp. App., Ex. A-3.  To exhaust their administrative remedies under the Act, Plaintiffs had to request administrative review or file or continue a lawsuit challenging the disallowance of their claims by July 8, 2013 -- the date which is 60 days after the date of the Notice of Disallowance.  12 U.S.C. § 1821(d)(6)(B).  Here, however, further administrative review was not an option for Plaintiffs because the FDIC made clear to them that a lawsuit was the only possible avenue for appeal.  *Seymour v. F.D.I.C.*, No. 2:07-CV-00552, 2009 WL 3427456, at *1 (S.D. W.Va. Oct. 23, 2009) (holding further administrative review not available where the FDIC advised plaintiffs that they must file lawsuit in order to appeal disallowance of claim).  The Notice of Disallowance plainly stated that "[w]hile section 1821(d)(7)(A) of Title 12 of the United States Code provides that you may request an administrative review of the disallowance of your claim in lieu of filing or continuing any lawsuit, the FDIC must agree to your request for such a review.  *The FDIC will not agree to any request for an administrative review of your disallowed claim*."  *See* FDIC Mot., Ex. B; Pl. Resp. App., Ex. A-3 (emphasis added).  When Plaintiffs disregarded this warning and filed requests for administrative review anyway, the FDIC promptly notified them that it would not provide additional administrative consideration of their claims and reminded them of their right to seek judicial relief.  Pl. Resp. App., Ex. 5.  Plaintiffs, however, failed to file a lawsuit challenging the disallowance of their claims in the appropriate court on or before July 8, 2013.  Nor did Plaintiffs take any other action to seek judicial review of the

disallowance of their claim.  As a result, Plaintiffs have no further rights or remedies with respect to their claims against the FDIC.

Plaintiffs contend that they were not required to take any action beyond filing a request for administrative review because, by virtue of the expiration of the court-ordered stay in this case, they "continued a proceeding that was pending prior to the administrative claims process." Pl. Resp. at 7.  This argument is inapposite.  Section 1821(d)(6)(A) provides that a claimant is entitled to a judicial determination of its claims if, among other things, it "continue[s] an action commenced *before the appointment of the receiver*" within 60 days of the date of notice of disallowance of such claim. 12 U.S.C. § 1821(d)(6)(A) (emphasis added).  The Commissioner of Financial Institutions for the California Department of Financial Institutions appointed the FDIC as Receiver for Imperial Capital Bank on December 18, 2009.  Rem. Not. at 1, ¶ 2.  Plaintiffs did not file this action in state court until April 30, 2010.  Thus, this lawsuit was not "commenced before the appointment of the receiver."  That the lawsuit may have been pending "prior to the administrative claims process" has no bearing on the application of section 1821(d)(6)(A), which applies to lawsuits that were filed prior to the appointment of the receiver.[2]  The District Court should thus grant the FDIC's Rule 12(b)(1) motion and dismiss Plaintiffs' claims against the FDIC for lack of subject matter jurisdiction.[3]

---

[2]  To the extent Plaintiffs were unaware of the FDIC's receivership until after they filed their lawsuit, the Fifth Circuit has held that proper exhaustion of administrative remedies is a precondition to subject matter jurisdiction in a district court, with or without notification.  *Burr*, 1995 WL 798590, at *3, n.9 (explaining that plaintiff's assertion that she was unaware of the receivership at the time she filed her claim does not excuse her failure to exhaust administrative remedies).

[3]  Even if this action had been commenced before the appointment of the FDIC as Receiver, the Act requires the *claimant* to continue the action with respect to its claims against the FDIC.  12 U.S.C. § 1821(d)(6)(A).  The automatic expiration of a definite stay does not constitute a choice by the claimant to continue the action; rather, the claimant must take some affirmative action to lift the stay.  *Holmes v. F.D.I.C.*, 861 F. Supp. 2d 955, 958 (E.D. Wis. 2012) ("The automatic lifting of a defined stay may continue an action by its inherent definition, but it is not continuation

## RECOMMENDATION

For the foregoing reasons, the Court recommends that the District Court GRANT the FDIC's

Motion to Dismiss (Doc. 54) under Fed. R. Civ. P. 12(b)(1) and DISMISS all of Plaintiffs' claims

against the FDIC for lack of subject matter jurisdiction.[4]

SO RECOMMENDED, December 10, 2014.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

---

by act of the claimant."); *see also First Union Bank of Florida v. North Beach Prof. Offer Corp.*, 841 F. Supp. 399, 403
(M.D. Fla.1993) ("If 'to continue' means to do nothing, there will never be a situation where a pre-existing claim will
be barred, because the claimant will always do, at the very least, nothing. The limitations clause for pre-existing claims
would become a dead letter."). *But see Aguilar v. F.D.I.C.*, 63 F.3d 1059, 1062 (11th Cir. 1995) (holding "where the
district court entered a stay of definite duration, claimants need not take affirmative action to 'continue' a suit which was
filed before the appointment of the receiver: the suit goes on when the stay expires").

[4] Because Plaintiffs' claims should be dismissed for lack of subject matter jurisdiction, the Court pretermits
consideration of the FDIC's alternate arguments for dismissal under Rule 12(b)(3).

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).