IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MENLO INVESTMENT GROUP, LLC, ET AL., | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | No. 3:12-CV-4182-K (BF) |
| O.D. FOUGHT, JR., ET AL., | § § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Defendant City National Bank ("CNB") has filed a Motion for Summary Judgment in this removed civil action brought by Plaintiffs Menlo Investment Group, LLC, Francis Tang, and Jane Tang ("Plaintiffs"). For the following reasons, CNB's motion should be granted in part and denied in part.

## Background

This lawsuit arises out of Plaintiffs' ownership of the Rose Garden Apartments, a 112-unit apartment complex located in Dallas County, Texas (the "Property"). Plaintiffs acquired the Property in November 2007 using loan proceeds from Imperial Capital Bank. *See* Pl. 5th Am. Pet., CNB MSJ App. at 289, ¶ 29. In connection with that transaction, Menlo Investment Group, LLC ("Menlo") executed a promissory note (the "Note") in favor of Imperial Capital Bank and a Deed of Trust, Fixture Filing, Assignment of Rents, and Security Agreement ("Deed of Trust") securing the Note. *Id.* Francis Tang and Jane Tang also executed separate Continuing Guarantees of Payment and Performance (the "Tang Guarantees," and together with the Note and Deed of Trust,

1

the "Loan Documents") in favor of Imperial Capital Bank. Tang Guarantees, CNB MSJ App. at 201-28. The Property was allegedly plagued by mismanagement, and Plaintiffs defaulted under the Loan Documents in 2008 by failing to tender required payments due to Imperial Capital Bank, including insurance proceeds paid to the Plaintiffs for fire damage to the Property. Pl. Resp. to RFA Nos. 24-26, CNB MSJ App. at 246-47. In December 2009, the Commissioner of Financial Institutions for the California Department of Financial Institutions declared Imperial Capital Bank insolvent and appointed the Federal Deposit Insurance Corporation ("FDIC") as Receiver. Pl. 5th Am. Pet., CNB MSJ App. at 11, ¶ 37. Defendant CNB thereafter acquired Imperial Capital Bank's assets from the FDIC and initiated foreclosure proceedings against the Property. *Id.* at 12, ¶ 38.

Before the foreclosure could be completed, Plaintiffs filed this civil action on April 30, 2010 against CNB and several other defendants in the 95th Judicial District Court of Dallas County, Texas. In their Fifth Amended Petition, which is the live pleading in this action, Plaintiffs claim that the FDIC did not assign the Note and Deed of Trust to CNB until August 26, 2010, and thus CNB's attempted foreclosure prior to that date was "illegal" and constituted negligence, negligence per se, and tortious interference with contract. *Id.* at 13, ¶ 39; 20-21, ¶¶ 69-71; 33, ¶¶ 107-15; & 35-36, ¶ 116. CNB disputes this characterization of the foreclosure proceedings and asserts counterclaims against Plaintiffs for breach of the Note and Deed of Trust, as well as breach of the Tang Guarantees. CNB Ans., CNB MSJ App. at 389-91.

The state court set this case for trial beginning on October 22, 2012. Plaintiffs served the FDIC on September 19, 2012, and the FDIC removed the case to federal court under 12 U.S.C. § 1819(b)(2)(B) on October 18, 2012. *See* Rem. Not. (Doc. 1). Shortly after removal, the FDIC filed an agreed motion to stay these proceedings pending the exhaustion of statutorily mandated

2

administrative remedies. *See* Doc. 27. The Court granted the motion and stayed the action. *See* Order dated 3/11/13 (Doc. 41) at 2. The stay has now expired, and the Court has recommended that all of Plaintiffs' claims against the FDIC be dismissed for lack of subject matter jurisdiction.[1] *See* Findings, Conclusions, and Recommendation of the United States Magistrate Judge (Doc. 79). CNB has filed a summary judgment motion which, despite its title, actually requests (1) partial reconsideration of a pre-removal state court order denying summary judgment on CNB's counterclaims against Plaintiffs and (2) dismissal under Rule 12(b)(6) of Plaintiffs' claims against CNB for negligence, negligence per se, and tortious interference with contract. The issues have been fully briefed, and the motion is ripe for determination.

## Legal Standards and Analysis

### CNB's Counterclaims

CNB has asserted counterclaims against Plaintiffs seeking sums due under the Note and Tang Guarantees and for insurance proceeds received by Plaintiffs for fire damage to the Property that were allegedly converted by Plaintiffs for their own use in violation of the Deed of Trust. CNB Ans. to Pl. 5th Am. Pet., CNB MSJ App. at 389-91. While this case was still pending in state court, CNB filed a traditional and no evidence summary judgment motion, which the state court considered and denied with respect to CNB's counterclaims. Summary Judgement Order, CNB MSJ App. at 275-76. CNB also filed a motion for partial reconsideration of the order denying summary judgment as to its counterclaims, which state court denied as well. CNB now asks this Court to reconsider that part of the state court's order denying summary judgment with respect to its counterclaims.

---

[1] Despite the dismissal of the FDIC from this action, all the claims in the case continue to "arise under the laws of the United States" within the meaning of the Financial Institutions Reform, Recovery and Enforcement Act ("FIRREA"). *Adair v. Lease Partners, Inc.*, 587 F.3d 238, 244-45 (5th Cir. 2009). Accordingly, original jurisdiction remains, and the Court is obligated to exercise that jurisdiction. *Id.*

After removal of an action to federal district court, "[a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450. A prior state court order is thus "federalized" when the action is removed to federal court, although the prior state court order remains subject to reconsideration. *Resolution Trust Corp., v. Northpark Joint Venture*, 958 F.2d 1313, 1316 (5th Cir.1992); *Nissho-Iwai American Corp. v. Kline*, 845 F.2d 1300, 1303 (5th Cir. 1988)). The Federal Rules of Civil Procedure do not recognize a general motion for reconsideration. *St. Paul Mercury Ins. Co.. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). However, courts do rule on motions for reconsideration under Rules 54(b), 59, and 60. A request to reconsider an interlocutory order, such as an order denying summary judgment, falls under Rule 54(b). *See* FED. R. CIV. P. 54(b); *see also Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (en banc). Under Rule 54(b), "any order or other decision, however designated, that adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." FED. R. CIV. P. 56(b). Although the precise standard for evaluating a motion to reconsider under Rule 54(b) is unclear, "whether to grant ... a motion [to reconsider] rests within the discretion of the court." *Dos Santos v. Bell Helicopter Textron, Inc. Dist.*, 651 F. Supp. 2d 550, 553 (N.D. Tex. 2009). Further, even though the standard for evaluating a motion to reconsider under Rule 54(b) "would appear to be less exacting than that imposed by Rules 59 and 60 . . . , considerations similar to those under Rules 59 and 60 inform the Court's analysis." *Id.* Under Rules 59 and 60, "[m]otions for reconsideration have a narrow purpose and are only appropriate to allow

a party to correct manifest errors of law or fact or to present newly discovered evidence." *Arrieta v. Yellow Transp., Inc.*, No. 3:05-CV-2271-D, 2009 WL 129731, at *1 (N.D. Tex. Jan. 20, 2009), *aff'd*, 641 F.3d 118 (5th Cir. 2011). Such motions are not the proper vehicles for rehashing old arguments or raising new arguments that could have been presented earlier. *U.S. Bank Nat'l Ass'n v. Verizon Comm. Inc.*, No. 3:10-CV-1842-G, 2012 WL 3034707, at *1 (N.D. Tex. July 25, 2012), *aff'd*, 761 F.3d 409 (5th Cir. 2014).

CNB urges this Court to reconsider the state court's denial of its motion for summary judgment as to its counterclaims on substantially the same grounds it urged in support of its original motion -- that it was legally entitled to enforce its rights and remedies under the Note and Deed of Trust in December 2009. The state court heard and carefully considered those grounds at least twice, and it determined that CNB was not entitled to summary judgment on its counterclaims. *See* CNB MSJ App. at 275-76. CNB does not rely on new legal arguments in support of its motion to reconsider. Indeed, some of CNB's arguments are taken verbatim from its earlier briefs filed with the state court. *Compare* CNB MSJ App. at 338-39 *with* CNB MSJ Br. at 11-13. Nor does CNB submit any new evidence in support of its arguments. *See* CNB MSJ Br. at 2-4 (identifying as evidence only materials that were previously filed with the state court). Under these circumstances, the Court finds that there is no basis for reconsidering the state court's rulings.

Additionally, CNB relies heavily on statements made by Plaintiffs' counsel in their summary judgment response that it characterizes as "admissions" of disputed fact that warrant judgment in CNB's favor. As the movant who bears the burden of proof with respect to its counterclaims, CNB must establish "beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). The Court

does not believe that quantum of proof is satisfied by the alleged "admissions" on which CNB relies. Accordingly, CNB's request for partial reconsideration of the state court order denying summary judgment on its counterclaims against Plaintiffs should be denied.

### Plaintiffs' Negligence, Negligence Per Se, and Tortious Interference Claims

Plaintiffs allege in their most recent petition that CNB did not own the Note between December 2009 and August 2010, and thus it lacked authority during that time to pursue collection activities or initiate foreclosure proceedings. Pl. 5th Am. Pet., CNB MSJ App. at 315, ¶ 111. Plaintiffs further allege that CNB's efforts to enforce the Note during that period constitute negligence, negligence per se, and tortious interference with its contract with Imperial Capital Bank. *Id.*; *see also id.* at 316, ¶ 116. CNB argues that Plaintiffs' allegations fail to state a claim upon which relief can be granted.

A district court may dismiss a complaint for failure to state a claim "only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." *Jackson v. City of Beaumont Police Dep't*, 958 F.2d 616, 618 (5th Cir. 1992) (quoting *Barrientos v. Reliance Standard Life Ins. Co.*, 911 F.2d 1115, 1116 (5th Cir. 1990)). To survive dismissal, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and

common sense." *Id.*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id.* (quoting FED. R. CIV. P. 8(a)(2)).

Judged against these standards, the Court determines that Plaintiffs have failed to state an actionable claim for negligence or negligence per se. The elements of a negligence cause of action under Texas law are: (1) the existence of a legal duty; (2) a breach of that duty; and (3) damages proximately caused by the breach. *Van Horn v. Chambers*, 970 S.W.2d 542, 544 (Tex. 1998); *see also Boudreux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540-41 (5th Cir. 2005). CNB correctly notes, however, that Texas law does not recognize any legal duty between a mortgagor and mortgagee absent a "special relationship." *See Milton v. U.S. Bank Nat'l Ass'n*, 508 F. App'x 326, 329 (5th Cir. 2013); *Levels v. Merlino*, 969 F. Supp. 2d 704, 717-18 (N.D. Tex. 2013). Plaintiffs do not allege facts showing that their relationship with CNB is anything other than that of a mortgagor and mortgagee or that they had a "special relationship" with CNB. Pl. 5th Am. Pet., CNB MSJ App. at 314-16, ¶¶ 107-15; Pl. MSJ Resp. at 21. Nor have they otherwise shown that CNB owes them a legal duty. *Id.* Because Plaintiffs have not shown the existence of any legal duty owed them by CNB, they cannot, as a matter of law, prevail on a claim for negligence.

Negligence per se exists where courts have determined that the violation of a particular statute is negligence as a matter of law. *Allison v. J.P. Morgan Chase Bank, N.A.*, 1:11-CV-342, 2012 WL 4633177, at *13 (E.D. Tex. Oct. 2, 2012) (citing *Parrot v. Garcia*, 436 S.W.2d 897, 900 (Tex. 1969)). "In these situations, the standard of care is defined by the statute itself rather than by the reasonably prudent person standard that applies in general negligence actions." *Id.* Although Plaintiffs' Fifth Amended Petition does not allege the violation of any specific statute, their response

to CNB's summary judgment motion asserts that CNB is liable for negligence per se based on unspecified violations of Chapter 51 of the Texas Property Code "through its actions regarding the foreclosure proceedings pertaining to the Rose Garden Property without the right to enforce the Note, Deed of Trust, Security Agreement and other loan documents until August 26, 2010." Pl. MSJ Resp. at 21. Plaintiffs, however, fail to cite any authority that a violation of Chapter 51 -- or any specific provision thereof -- constitutes negligence per se. Accordingly, Plaintiffs have failed to state a claim for negligence per se. *See Allison*, 2012 WL 4633177, at *14 (granting motion to dismiss where pleading failed to factually allege the violation of a specific statute or state how courts have determined that statute to establish negligence per se). Plaintiffs' negligence per se claim should thus be dismissed.

The Court comes to the opposite conclusion regarding Plaintiffs' claims that they had an existing contract with Imperial Capital Bank and that CNB improperly interfered with that contract when it initiated foreclosure proceedings prior to August 2010, when CNB allegedly did not own the Note. Pl. MSJ Resp. at 22. CNB argues that Plaintiffs' allegations fail to state a claim for tortious interference because it has established -- by identifying alleged "admissions" made by Plaintiffs' counsel in the summary judgment response that was filed in state court -- that CNB acquired Plaintiffs' loan in December 2009. CNB MSJ Br. at 17. This argument is essentially the same argument CNB makes with respect to its motion to reconsider the state court order denying its summary judgment motion as to its counterclaims. Because the Court should decline to reconsider the state court order denying summary judgment on CNB's counterclaims, it should decline to resolve the same disputed fact issue in the context of CNB's motion to dismiss Plaintiffs' tortious interference claims for failure to state a claim.

Finally, Plaintiffs request leave to amend their pleading if the Court grants CNB's motion with respect to their negligence, negligence per se, or tortious interference claims. "[I]t is not unusual for plaintiffs who oppose a motion to dismiss to request leave to amend in the event the motion is granted." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). A court should not dismiss a complaint without granting leave to amend unless the defect is incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so. *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000). In this case, Plaintiffs have already had multiple opportunities to plead and replead their claims. Because they do not suggest that they can allege facts that would survive summary dismissal, their request to replead should be denied. *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir.1995) (affirming dismissal with prejudice after lengthy pendency of case which provided plaintiff ample opportunity to amend complaint).

## RECOMMENDATION

For the foregoing reasons, the Court recommends that the District Court GRANT in part and DENY in part City National Bank's Motion for Summary Judgment (Doc. 63). The motion should be granted with respect to Plaintiffs' claims against City National Bank for negligence and negligence per se, and those claims should be dismissed with prejudice. In all other respects, the motion should be denied.

SO RECOMMENDED, December __, 2014.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).